### GOODMAN & MITCHELL *vs.* WALKER, EXECUTRIX, &c.

[MOTION TO STRIKE CAUSE FROM DOCKET FOR WANT OF JURISDICTION.]

1. *Jurisdiction of special supreme court.*—Where a cause was regularly heard before a special statutory court, (Code § 573,) consisting of one judge of the supreme court and two circuit judges, and was by them reversed and remanded; and on a subsequent day of the term, before the minutes of the regular court were signed, two of the members of the special court, in the absence of one of the circuit judges, granted a rehearing.—*held*, (STONE, J., alone sitting,) that the order was not void for want of jurisdiction.

IN this case, CHILTON, C. J., and RICE, J., having been of counsel before their election to the bench, and GOLDTHWAITE, J., being of opinion, from an examination of the record, that the judgment ought to be reversed, the cause was certified to the governor, at the July term, 1855, for a special court under section 573 of the Code; and the Hons. R. DOUGHERTY and N. COOK, two of the circuit judges, were commissioned to sit with GOLDTHWAITE, J. This special court convened on the day appointed in their commission, and heard the cause; and on the 10th January, 1856, pronounced a judgment, reversing the judgment of the circuit court, and remanding the cause. On the 17th January, 1856, a subsequent day of the regular term of the supreme court, a rehearing was granted, in the

absence of Judge COOK, by the other members of the special court, on the application of the appellee. At the present term of the court, the cause was argued before STONE, J., the other members of the court being incompetent to sit; and was by him affirmed. The appellants now move to set aside this judgment of affirmance, and to strike the cause from the docket, on the ground that the court had no jurisdiction, because the cause was regularly disposed of at the last term, when it was remanded to the circuit court.

WHITE & PARSONS, for the motion.

JNO. T. MORGAN and J. FALKNER, *contra.*

STONE, J.—The question presented by this motion is certainly one of no ordinary intricacy; a question, in the solution of which I would gladly have the counsels of others. If the two judges had no authority to make the order, the case is without the jurisdiction of this court, and it is my duty to repudiate it. I overrule the motion for the following reasons.

1. When two of the three judges, who had *heard and determined the cause*, expressed their dissatisfaction with the decision, by withdrawing the opinion, and ordering a rehearing, it then stood as a judgment by one only of the three judges, and therefore ceased to be the judgment of the court. This dissatisfaction was expressed by the two judges, before the minutes were signed, and while the proceedings were *in fieri.*

2. This court is a unit, and its judgments are the judgments of *the supreme court of Alabama*, whether pronounced by the judges in permanent commission, or by judges commissioned under sections 572 and 573 of the Code. In all cases decided by this court, except the limited number which can, under our system, be taken to the supreme court of the United States, the judgments are conclusive, both of subject-matter and persons involved in the question of jurisdiction, because from such judgments there is no appeal. Even this court, in obedience to one of its inflexible rules, cannot overturn or depart from its decisions, when brought a second time before it. The act of signing the minutes, seals all the judgments rendered during the term, as *the law of each particular case* in

which the judgment was pronounced.—Matthews, Finley & Co. v. Sands & Co., at the present term; Gelston v. Codwise, 1 Johns. Ch. 195.

The two judges, having made the order for a re-hearing, thereby asserted and affirmed their jurisdiction. They had the *power* to determine that question, because from their *determination* there was no appeal. For this service I am the same tribunal, and feel bound to carry their order into effect, as the law of this case.